UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:07cr500 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| FADIL BARRETT, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court upon the motion of defendant Fadil Barrett ("defendant" or "Barrett") to appoint counsel and for consideration of sentence reduction under Amendment 782 to the Drug Quantity Table in U.S.S.G. § 2D1.1. (Doc. No. 64 ["Mot."].) The Court appointed the Federal Defender's Office as counsel for defendant, and set a briefing schedule for the motion. (*See* Non-Document Order, dated July 20, 2015.) The Federal Defender's Office elected to not file a supplement to defendant's motion, and the government filed an opposition to defendant's motion. (Doc. No. 65 ["Opp'n"].)

Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offense. The Amendment was given retroactive effect but offenders may not be released from prison based on the Amendment earlier than November 1, 2015.

Defendant has already moved for a reduction of his sentence under Amendment 706 and 750 to U.S.S.G. § 2D1.1, both of which had the effect of lowering the offense level for

certain crack cocaine offenses. Those prior motions were denied because defendant was sentenced as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(b), and the amendments, therefore, would not have had the effect of lowering defendant's applicable guideline range for purposes of sentencing. (*See* Doc. No. 49 at 203; Doc. Nos. 57 at 178.) The Court presumes familiarity with these prior rulings.

A similar result is warranted with respect to defendant's request for a sentence modification under Amendment 782. *See United States v. Steel*, 609 F. App'x 851, 856 (6th Cir. 2015) (holding that individual sentenced as a career offender is not eligible for reduction under U.S.S.G. § 1B1.10); *see also United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) ("[L]ike the earlier crack cocaine amendments, Amendment 782 amended § 2D1.1. It did not lower the sentencing range established for a career offender by § 4B1.1.") Because Barrett's sentence was controlled by his career offender status, not the drug table calculation guidelines, he is ineligible for a reduction. *See, e.g., United States v. Pought*, No. 11-CR-20449, 2015 WL 7307971, at *15 (E.D. Mich. Nov. 20, 2015) (defendant sentenced under § 4B1.1 as a career offender was not entitled to a reduction under § 2D1.1); *United States v. Edwards*, Criminal Action No. 3:07-CR-15, 2015 WL 6395013, at *1 (E.D. Ky. Oct. 21, 2015) (same). His motion to reduce his sentence is DENIED.

**IT IS SO ORDERED**.

Dated: December 10, 2015

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**